UNITED STATES of America, Plaintiff—Appellee,

v.

Joe PIAZZA, Jr., Defendant—Appellant.

No. 01–50259.

D.C. No. CR–00–00413–FMC(1).

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Feb. 3, 2003.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before BROWNING, KOZINSKI and WARDLAW, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

### MEMORANDUM**

We AFFIRM the district court's denial of Joe Piazza, Jr.'s motion to suppress physical evidence and personal statements.

■ The police had reasonable suspicion to stop the vehicle in which Piazza was riding, arrest him and search the vehicle. While race alone is an insufficient reason for conducting an investigatory stop, the arresting officers noted several other factors that provided sufficient reasonable suspicion. *United States v. Michael R.*, 90 F.3d 340, 346 (9th Cir.1996); *United States v. Bautista*, 684 F.2d 1286, 1289 (9th Cir. 1982). The officers saw a black male lying on the vehicle's floorboard changing his clothes with dark clothes lying next to him. The person and clothing matched the general description of the bank robber broadcast shortly before the officers noticed Piazza's vehicle.

■ Because the officers had reason to believe Piazza was armed, handcuffing him did not convert the *Terry* investigatory stop into an arrest. *United States v. Miles*, 247 F.3d 1009, 1013 (9th Cir.2001). When Sgt. Chaffin looked into the vehicle to check for additional occupants, he saw in plain view a plastic bag containing dye-stained money, which provided sufficient probable cause to arrest Piazza and conduct a more complete search incident to the arrest. *United States v. Hensley*, 469 U.S. 221, 235, 105 S.Ct. 675, 83 L.Ed.2d 604 (1985); *United States v. Wallace*, 213 F.3d 1216, 1220 (9th Cir.2000).

■ Because Piazza did not invoke his right to remain silent, his statements made during the police interrogation were not illegally obtained. We look to the totality of the circumstances to determine whether there was a valid waiver of *Miranda* rights. *United States v. Vallejo*, 237 F.3d 1008, 1014 (9th Cir.2001). A waiver of

*Miranda* rights can be implicit, and a refusal to sign a written waiver form does not preclude a finding of waiver. *North Carolina v. Butler*, 441 U.S. 369, 375–76, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979).

We conclude that Piazza's statement "Well I don't see nothin' to talk about, really," is not a clear invocation of his right to remain silent and was reasonably interpreted by the investigating officers as an invitation to tell him what the officers wanted to discuss. *See United States v. Thierman*, 678 F.2d 1331, 1335–36 (9th Cir.1982). Piazza acknowledged he understood his *Miranda* rights after the officers read them to him prior to questioning. Piazza had previous experience with the criminal justice system, having pled guilty to an earlier bank robbery. Piazza spoke freely with the officers about his involvement in the subject bank robbery. At no time during the questioning did Piazza request counsel.

AFFIRMED.